HASTINGS, ALCEE L„ Associate Judge.
Charles Cooper was informed against for robbery. On May 8,1975, the jury returned a verdict of guilty. Subsequently, the court *1317 pronounced judgment and sentence and this appeal followed.
Several matters have been assigned as error, but this court deals with the assignment questioning the trial court’s failure to grant the judgment of acquittal where the totality of the evidence was insufficient to justify the case going to the jury for determination. Reflecting on the entire record below, and comparing it with the well founded principles established in a long line of cases in Florida, it appears the verdict must be set aside.
On March 6, 1975, pursuant to a bolo regarding a robbery an officer gave chase to a vehicle fitting the description of the bolo. The information contained in the bolo apparently came from an anonymous tipster.
Testimony elicited during the trial established that a lady, on the same day, was knocked down by an assailant and her purse was snatched. The lady did not testify that she saw the assailant get into any vehicle at all. Further, she gave a description of her assailant as being a young black male, wearing a T-shirt, blue jeans and tennis shoes. She was unable to identify any person in a line-up as the assailant.
The officer testified that while he was chasing the car “something” came out on the passenger’s side of the vehicle. Further, the testimony showed that the officer stopped the vehicle and two persons were in it. The appellant was one of the persons. Both were arrested and searched. It turns out they both had money but the denominations were not the same, nor the amount, as that taken from the lady.
Subsequently the lady’s purse was retrieved in the vicinity where the officer saw the object fly from the vehicle in which the appellant was apprehended.
The ultimate question on appeal was whether the above stated facts are sufficient to prove the defendant guilty of robbery. We hold that they are not and that the trial court erred in not granting the defendant’s motion for judgment of acquittal.
REVERSED and REMANDED with instructions that the defendant be discharged.
ALDERMAN, C. J., and LETTS, J., concur.